UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **STIEFEL LABORATORIES, INC.,** ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | 1:08-CV-3773 |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| **BROOKSTONE** ) | |
| **PHARMACEUTICALS, L.L.C.** ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT BROOKSTONE
PHARMACEUTICALS, LLC'S MOTION TO DISMISS**

Stiefel Laboratories, Inc.'s Complaint comprises nothing more than an abusive litigation. Simply put, Stiefel is using its Complaint to shut down legitimate, lawful competition. A review of the Complaint confirms the lack of any legitimate cause of action.

Specifically, based on Stiefel's own admissions and allegations: (1) Brookstone did not violate Stiefel's patent on BREVOXYL Gel in developing its own BPO Gel for the treatment of acne; and (2) Brookstone's BPO Gel

-1-

contains the same active ingredient as Stiefel's formula. Indeed, Stiefel's sole, specific allegation is that Brookstone's BPO Gel contains a different inactive ingredient to Stiefel's BREVOXYL Gel. The inactive ingredient, however, plays no direct role in treating acne, but merely serves as a delivery vehicle for the active ingredient. Stiefel has failed to articulate any grounds for how this purported, insinuated difference between BREVOXYL Gel and BPO Gel makes a sufficiently material difference between the two products that Brookstone's BPO Gel cannot be said to be a viable alternative to BREVOXYL Gel.

Stiefel has neither presented nor asserted any facts showing that the alleged inactive ingredient in Brookstone's BPO Gel is inferior to that used in, and thus cannot comprise a viable alternative to, Stiefel's BREVOXYL Gel. Indeed, at its core Stiefel's Complaint makes only one cogent allegation, that Brookstone's BPO Gel costs less and is cutting into Stiefel's market share. That result is called free enterprise. Not an

excuse for a lawsuit. Respectfully, Stiefel's Complaint should be dismissed, with prejudice.

## STATEMENT OF FACTS

Brookstone specializes in producing affordable, high-quality, specialty generic products, and viable alternatives for more expensive, brand name pharmaceuticals, drugs, and other treatments already in the marketplace. Stiefel produces BREVOXYL Gel, a topical application designed to help treat acne. Likewise, Brookstone produces BPO Gel, which also treats acne.

As Stiefel readily admits, Brookstone's BPO Gel and its own BREVOXYL Gel utilize the same active, generic ingredient, "benzoyl peroxide," in equivalent concentrations. Complaint, paragraphs 9 (describing active ingredient concentrations), 13 (claiming the only difference between BREVOXYL Gel and BPO Gel is the former's use of a different inactive ingredient called "dimethyl isosorbide"). Stiefel also admits that benzoyl peroxide has been on the market for "nearly five decades." Complaint, paragraph 8. Last, Stiefel admits

-3-

that Brookstone's "BPO Gel is not manufactured using BREVOXYL's patented formula." Complaint, paragraph 13.

The only alleged material difference between Stiefel's BREVOXYL Gel and Brookstone's BPO Gel is a generic inactive ingredient called dimethyl isosorbide, which the Complaint falsely claims is in BREVOXYL Gel, but not BPO Gel. Complaint, paragraph 13. As shown on the product description included with every box of BPO Gel, a copy of which attached and incorporated as <u>Exhibit A</u>, dimethyl isosorbide is, in fact, one of BPO Gel's listed components.

The Complaint makes no attempt to identify nor does it allege that the inactive ingredient used in Brookstone's BPO Gel is materially different from or inferior to dimethyl isosorbide. Further, the Complaint does not allege *how* Brookstone's BPO Gel fails to qualify as a viable alternative for Stiefel's BREVOXYL Gel. *See e.g.,* Complaint, paragraph 15. The Complaint simply asserts that BREVOXYL Gel and BPO Gel are not identical, and thereby insinuates that the latter cannot serve as a

viable alternative for to the former. Complaint, paragraphs 13, 14.

Thus, rather than furnishing concrete allegations of fact, Stiefel instead presents paragraphs, up to a page in length, replete with complex, compound allegations made in violation of Civ. R. Civ. Proc. 8(a), (d). *See e.g.*, Complaint, paragraphs 2, 4, 15, 22, 27. The Complaint relies, accordingly, on little more than mere innuendo, and adduces nothing upon which a finder of fact could award damages or a Court injunctive relief.

## **ARGUMENT AND CITATION OF AUTHORITY**

Under Fed. R. Civ. Proc. 12(b)(6), a motion to dismiss is appropriate when a plaintiff fails, on the face of a pleading, "'to provide the 'grounds' of his 'entitle(ment) to relief.'" Anderson v. Vanguard Car Rental USA, Inc., 2008 WL 5381413 (11th Cir. 2008). Rather, a complaint "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Id.

Here, Brookstone included benzoyl peroxide as an active ingredient in its topical BPO Gel application - the same active ingredient that appears in Stiefel's BREVOXYL Gel. Stiefel has only alleged one material difference between its BREVOXYL Gel and Brookstone's BPO Gel; namely, dimethyl isosorbide. But it fails to allege that this purported missing ingredient renders Brookstone's BPO Gel inferior or an unacceptable alternative to BREVOXYL Gel. Indeed, there is no allegation stating how, precisely, Brookstone's BPO Gel fails to offer consumers a viable alternative to BREVOXYL Gel. Without any foundation, Stiefel simply implies that Brookstone's BPO gel is not an alternative to BREVOXYL Gel, and that its continuing presence in the marketplace will harm Stiefel's business.

Such allegations comprise precisely the type of rote recitation of labels, conclusions, and legal tests which the Eleventh Circuit has held insufficient to sustain a cause of action. <u>Anderson</u>, *supra*. Respectfully, Stiefel's Complaint should be dismissed.

WHEREFORE, Brookstone Pharmaceuticals, LLC, respectfully requests that the Court dismiss Stiefel Laboratories, Inc.'s Complaint, with prejudice.

Respectfully submitted January 6, 2009.

**THE WILSON LAW FIRM, P.C.**

/s/: L. Matt Wilson
L. Matt Wilson
Georgia Bar No. 768801
Email: matt@willaw.com
Simon Jenner
Georgia Bar No. 142588
Email: simon@willaw.com
Attorneys for Defendant

950 E. Paces Ferry Rd, NE
Suite 3250, Atlanta Plaza
Atlanta, Georgia 30326
Phone: (404) 364-2240
Facsimile: (404) 266-7459
Firm website: www.willaw.com

Z:\WP\838\Motion Dismiss Memo [Stiefel v. Brookstone] [1].wpd

**CERTIFICATE OF SERVICE AND COMPLIANCE**

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C), Northern District of Georgia, specifically Courier New, 14 point. I further certify that on the below date, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Northern District of Georgia using the CM/ECF system, which will automatically send notification of such filing and electronic copy to:

William B. Hill, Jr., Esq.
williamhill@asherafuse.com
Yonette Buchanan, Esq.
yonettebuchanan@asherafuse.com
Lawrence Ashe, Esq.
lawrenceashe@asherafuse.com

Ashe, Rafuse & Hill LLP
1355 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309-3232

Respectfully submitted January 6, 2009.

**THE WILSON LAW FIRM, P.C.**
/s/: L. Matt Wilson
L. Matt Wilson
Simon Jenner

Z:\WP\838\Motion Dismiss Memo [Stiefel v. Brookstone] [1].wpd