**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **STIEFEL LABORATORIES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| | ) | **1:08-CV-3773** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **BROOKSTONE** | ) | |
| **PHARMACEUTICALS, L.L.C.** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT BROOKSTONE PHARMACEUTICAL, LLC'S**
**INITIAL DISCLOSURES**

Brookstone Pharmaceutical, LLC, Defendant, submits these, its initial disclosures, under Fed. R. Civ. P. 26 and L.R. 26, 26.1:

**Disclosure No. 1:**

If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Response to Disclosure No. 1**

Brookstone is properly identified.

**Disclosure No. 2**:

Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Response to Disclosure No. 2**

Based on Brookstone's present knowledge and information, there are no additional parties to be added, nor has there been a misjoinder of parties at this time; provided, however, that Brookstone reserves the right to add parties at a later time, should it prove warranted based on discovery and facts as they become known during the course of litigation.

**Disclosure No. 3**:

Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Response to Disclosure No. 3**

Stiefel has filed suit under Section 43(a) of the Lanham Act and under state and federal law, including the Georgia Uniform Deceptive Trade Practices Act, alleging unfair competition and false advertising. Brookstone has filed a Motion to Dismiss Stiefel's case, based on the fact Stiefel has failed to articulate a valid and enforceable claim either under the Lanham Act or state or federal law. Until the Court rules on the Motion to Dismiss, an Answer and its concomitant defenses and crossclaims are premature.

Nonetheless, if this case does proceed beyond dismissal, Brookstone will pursue damages for abusive litigation. Stiefel's action, furthermore, lacks any substantive legal or evidentiary basis, and has merely been filed to intimidate and harass Brookstone, illegally divert monies from Brookstone's legitimate business activities, and otherwise prohibit Brookstone's licit, fair, and lawful participation in the marketplace. To the extent necessary, this Response will be amended and

restated following the filing of Brookstone's Answer, should the Court deny its Motion to Dismiss.

### Disclosure No. 4

Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

### Response to Disclosure No. 4

As previously mentioned, Stiefel has brought this action under Section 43(a) of the Lanham Act, the Georgia Deceptive Trade Practices Act, and under state common law. Stiefel's own statements and admissions and the evidence prove Stiefel does not have a valid cause of action, but is instead attempting to preclude Brookstone's lawful participation in the marketplace.

Statutes pertinent to this matter include:

15 U.S.C. § 1051 *et seq.* (Lanham Act § 43(a))

21 U.S.C. § 337

O.C.G.A. § § 10-1-372 (Georgia Uniform Deceptive Trade Practices Act)

Cases pertinent to this matter include:

Ethex Corp. v. First Horizon Pharmaceutical, 228 F.Supp.2d 1048 (E.D.Ms. 2002).

Sondoz Pharmaceuticals Corp. v. Richardson-Vicks, Inc., 902 F.2d 222 (3d Cir. 1990).

Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130 (4th Cir. 1993), cert. denied 510 U.S. 1197, 114. S.Ct. 1307 (1994).

Other relevant standards and customs:

FDA's Orange Book

FDA, Approved Drug Products with Therapeutic Equivalents (28th Ed.)

The foregoing list is not intended to be exhaustive, and will be amended and restated as and to the extent necessary.

**Disclosure No. 5**

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment,

identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.).

**Response to Disclosure No. 5**

*See*, Attachment A, *infra*.

**Disclosure No. 6**

Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.).

**Response to Disclosure No. 6**

*See*, Attachment B, *infra*.

**Disclosure No. 7**

Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, indentifying the subjects

of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Response to Disclosure No. 7**

*See*, Attachment C, *infra*.

**Disclosure No. 8**

In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Response to Disclosure No. 8**

Brookstone's damages will be the costs, attorney fees, and other expenses incurred in defending against Stiefel's action. As discovery proceeds, additional

damages and causes of action may be discovered. Brookstone reserves the right to amend and restate this Response as and when necessary and appropriate.

### **Disclosure No. 9**

If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

### **Response to Disclosure No. 9**

Based on information and evidence presently known to Brookstone, there are no other parties pertinent to this action. Brookstone reserves the right to amend and restate this Response when and to the extent necessary.

### **Disclosure No. 10**

Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for

payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Response to Disclosure No. 10**

N/A.

Respectfully submitted February 12, 2009.

**THE WILSON LAW FIRM, P.C.**

/s/: L. Matt Wilson
L. Matt Wilson
Georgia Bar No. 768801
Email: matt@willaw.com
Simon Jenner
Georgia Bar No. 142588
Email: simon@willaw.com
Attorneys for Defendant

950 E. Paces Ferry Rd, NE
Suite 3250, Atlanta Plaza
Atlanta, Georgia 30326
Phone: (404) 364-2240
Facsimile: (404) 266-7459
Firm website: www.willaw.com

Z:\WP\838\01\Initial Disclosures [Brookstone][2].wpd

**ATTACHMENT A**

1.   Art Deas. Mr. Deas is an employee of Brookstone and may be contacted through counsel.

2.   Mark Pugh: Mr. Pugh is an employee of Brookstone and may be contacted through counsel.

3.   Sarika Arora. Ms. Aurora is an employee of Brookstone and may be contacted through counsel.

4.   Leigh Nickens. Ms. Nickens is an employee of Brookstone and may be contacted through counsel.

5.   Lee Ann Jackson. Ms. Jackson is an employee of Brookstone and may be contacted through counsel.

6.   Mike McInnis. Mr. McInnis is an employee of Brookstone and may be contacted through counsel.

7.   Gold Standard is a reporting company which listed Brookstone's product at controversy in this matter. On information and belief, Gold Standard may be contacted at 302 Knights Run Ave., Suite 800, Tampa, FL 33602, Phone: (813) 258-4747.

8.  First Data is a reporting company which listed Brookstone's product at controversy in this matter. On information and belief, First Data may be contacted at 6200 South Quebec Street, Greenwood Village, CO 80111, Phone: (303) 967-8000.

9.  Medi Span is a reporting company which listed Brookstone's product at controversy in this matter. On information and belief, Medi Span may be contacted at 8425 Woodfield Crossing Blvd., Suite 490, Indianapolis, IN 46240, Phone: (317) 735-5300.

**[By agreement of the parties, under that certain Consent Protective Order, filed as an attachment to the Joint Preliminary Report and Discovery Plan, Brookstone's customers have been withheld from this document, but have been produced to opposing counsel, marked "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY".]**

This foregoing list is complete based on Brookstone's current knowledge and information. To the extent other individuals or entities may become known, this Response will be amended and restated as appropriate.

**ATTACHMENT B**

Brookstone intends on calling one or more expert witnesses should this matter proceed to trial. Expert witnesses will be identified consistent with Fed. R. Civ. P. 26(2)(C). This Response will be amended and restated at the appropriate time.

**ATTACHMENT C**

Documents are preserved at Brookstone's headquarters, and in the files and on the computers and on the systems of the company, including:

    a.  Letters

    b.  Product formulation

    c.  Emails

    d.  Contracts

    e.  Memoranda

    f.  Product listing forms for various databases

    g.  Press release

    h.  Offer letters and deal sheets

The foregoing list will be amended and restated as Brookstone becomes aware of additional documentation pertinent to this Response.

**ATTACHMENT D**

N/A.

## ATTACHMENT E

N/A.

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C), Northern District of Georgia, specifically Courier New, 14 point. I further certify that on the below date, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Northern District of Georgia using the CM/ECF system, which will automatically send notification of such filing and electronic copy to:

William B. Hill, Jr., Esq.
williamhill@asherafuse.com
Yonette Buchanan, Esq.
yonettebuchanan@asherafuse.com
Lawrence Ashe, Esq.
lawrenceashe@asherafuse.com

Ashe, Rafuse & Hill LLP
1355 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309-3232

Respectfully submitted February 12, 2009.

**THE WILSON LAW FIRM, P.C.**
/s/: L. Matt Wilson
L. Matt Wilson
Simon Jenner

Z:\WP\838\01\Initial Disclosures [Brookstone][2].wpd