UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STIEFEL LABORATORIES, INC., | : | Civil Action No. |
| | : | |
| Plaintiff, | : | 1:08-CV-03773-CAP |
| | : | |
| vs. | : | |
| | : | |
| BROOKSTONE | : | |
| PHARMACEUTICALS, L.L.C. | : | |
| | : | |
| Defendant. | : | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.    **Description of Case.**

    (a)    **Describe briefly the nature of this action.**

    This is a case asserting claims for false advertising and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq*., and Georgia law.

    (b)    **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

    The Plaintiff in this Lanham Act action, Stiefel Laboratories, Inc. ("Stiefel"), markets Brevoxyl-gel, a prescription drug for the treatment of acne.  Stiefel claims Defendant Brookstone Pharmaceuticals, Inc. ("Brookstone") markets an allegedly "generic" version of Brevoxyl Gel called "BPO Gel."  In this action, Stiefel alleges that Brookstone has engaged in false advertising and unfair competition under the

Lanham Act, 15 U.S.C. § 1051 *et seq*., and Georgia law because by marketing BPO Gel as a "generic" version of Brevoxyl Gel when, according to plaintiff, BPO Gel is not truly a "generic equivalent" version of Brevoxyl Gel. Brookstone denies each of these allegations, or that it has otherwise violated the Lanham Act or any other provisions of Georgia or federal law. Brookstone asserts: (a) it is participating legally, fairly, and licitly in the marketplace; (b) that its conduct comprises lawful, constitutionally protected competition and nothing more; and (c) that Stiefel is engaging in an abusive litigation to prohibit and deter Brookstone's valid market practices, product distribution, and other routine business activities.

Pursuant to 15 U.S.C. § 1116, Stiefel seeks preliminary and permanent injunctive relief to stop Defendant's alleged false and misleading marketing practices. Stiefel also seeks actual and consequential damages, along with treble damages under 15 U.S.C. § 1117(a). Stiefel further seeks fees, costs and expenses under 15 U.S.C. § 1117(a), O.C.G.A. § 10-1-372, O.C.G.A. § 10-1-373. Brookstone denies that Stiefel is entitled to any of the foregoing relief and, should this matter not be dismissed, intends to seek attorney fees, expenses, and costs of litigation, amongst other relief.

**(c)     The legal issues to be tried are as follows:**

(1) whether Brookstone is liable for false advertising under the Lanham Act;

(2) whether Brookstone is liable for unfair competition under the Lanham Act;

(3) whether Brookstone is liable for violation of the Georgia Uniform Deceptive Practices Act;

(4) whether Brookstone is liable for common law unfair competition;

(5) the damages, costs and attorneys fees, if any, compensable to Stiefel as a result of Brookstone's false advertising and unfair competition;

(6) whether this is an exceptional case, requiring Brookstone to pay Stiefel additional damages;

(7) whether Brookstone's actions or omissions demonstrate malice, aggravated or egregious fraud, requiring Brookstone to pay Stiefel punitive damages.

(8) whether Brookstone knew that its actions were unlawful or otherwise comprised unfair competition.

(10) whether Stiefel's claims comprise an abusive and malicious litigation.

      **(d)**     **The cases listed below (include both style and action number) are:**

          (1)     Pending Related Cases:             **None**

          (2)     Previously Adjudicated Related Cases:     **None**

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

      _____ (1)     Unusually large number of parties

      _____ (2)     Unusually large number of claims or defenses

      _____ (3)     Factual issues are exceptionally complex

      _____ (4)     Greater than normal volume of evidence

      ✓ (5)     Extended discovery period is needed

      _____ (6)     Problems locating or preserving evidence

      _____ (7)     Pending parallel investigations or action by government

      ✓ (8)     Multiple use of experts

      _____ (9)     Need for discovery outside United States boundaries

      ✓ (10)     Existence of highly technical issues and proof

**3.    Counsel:**

      **The following individually-named attorneys are hereby designated as lead counsel for the parties:**

    Plaintiff:    William B. Hill, Jr., Ashe, Rafuse & Hill, L.L.P.; and Saul H. Perloff, Fulbright & Jaworski, L.L.P.

    Defendant:  L. Matt Wilson and Simon Jenner, The Wilson Law Firm, PC

4.    **Jurisdiction:**

**Is there any question regarding this court's jurisdiction?**

_____ Yes          ✓      No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.    **Parties to This Action:**

(a)    **The following persons are necessary parties who have not been joined:**

None

(b)    **The following persons are improperly joined as parties:**

None

(c)    **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None

(d)    **The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6.    **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of FED. R. CIV. P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)    **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

Plaintiff filed its First Amended Original Complaint on February 6, 2009.

Otherwise, NONE.

**(b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.    Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1(A)(2).

(a)    *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)    *Summary Judgment Motions*:  within twenty (20) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)    *Other Limited Motions*.  Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)    *Motions Objecting to Expert Testimony*.  <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with FED. R. CIV. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

Not applicable.

9.     **Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not applicable.

10.    **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

**From Defendant**: (1) the advertising and promotion of BPO-4 Gel and BPO-8 Gel (collectively "BPO Gel") and the basis for same; (2) comparison(s) of BPO Geal and BREVOXYL Gel; and (3) the research, development, manufacturing, testing, sales, marketing and financial information relating to BPO-Gel.  The foregoing is a non-exhaustive list and Stiefel reserves the right to investigate and seek discovery on all areas relevant to the issues, laws, and other matters pertinent to this case.

80444175.2                                    - 7 -

**From Plaintiff**: (1) Stiefel's motivations and reasons for filing suit; (2) Stiefel's litigation against other parties competing with its various product lines; (3) communications between Stiefel and third parties regarding the subject matter of this action; (4) comparison(s) between BREVOXYL-Gel and BPO Gel; (5) the formulation, testing, and approval of BREVOXYL-Gel; (6) the research, development, manufacturing, testing, sales, marketing, and financial information relating to BREVOXYL-Gel; and (7) all tests performed upon and approvals obtained for BREVOXYL-Gel. Stiefel disagrees that some of these subjects including but not limited to items (1), (2) and (3) are relevant or appropriate topics for discovery in this lawsuit. The foregoing is a non-exhaustive list and Brookstone reserves the right to investigate and seek discovery on all areas relevant to the issues, laws, and other matters pertinent to this case.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

At this time the parties do not anticipate additional time beyond that allowed by the jointly requested 8-month discovery track that will be needed to complete discovery.

**11.    Discovery Limitation:**

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

Plaintiff shall have up to a total of 75 hours to question all fact witnesses.

Defendant shall have up to a total of 75 hours to question all fact witnesses.

Plaintiff shall have the opportunity to depose each and every expert witness disclosed by Defendant, for up to a period of 7 hours in length per each expert witness.

Defendant shall have the opportunity to depose each and every expert witness disclosed by Plaintiff, for up to a period of 7 hours per each such witness.

To the extent additional depositions or additional time to depose any one witness may prove necessary, the parties agree to meet and confer in good faith, either in person or vial telephonic conference, to determine the scope and extent of such additional deposition or time to depose, and the time and place of such deposition.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Because of the commercial sensitivity of this case and the fact that the parties are competitors in the pharmaceutical industry, the parties request entry of a consent order for Protection and Confidentiality, attached hereto as **Exhibit A**.

**13.    Settlement Proposal:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on January 23, 2009, and that they participated in settlement discussions.  Other persons who participated in the settlement discussion are listed according to party.

For plaintiff: Lead counsel (signature):    s/William B. Hill, Jr.

Other participants:    s/Saul H. Perloff

For defendant: Lead counsel (signature):    s/Simon Jenner*

*Signed with express permission*

Other participants:

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

_____   A possibility of settlement before discovery.

✓   A possibility of settlement after discovery.

_____   A possibility of settlement, but a conference with the judge is needed.

_____   No possibility of settlement.

(c)    Counsel __✓__ do or ____ do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 2009.

(d)    The following specific problems have created a hindrance to settlement of this case.

---

14.    **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties ___ do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court on this __ day of ___, of 2009.

(b)    **The parties (X) do not consent to having this case tried before a magistrate judge of this court.**

* * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

Parties bearing the burden of proof on an asserted claim or defense shall disclose their designation of testifying experts on those claims and/or defenses, and shall serve on all parties the materials required under Rule 26(a)(2)(B) not later than 60 days before the end of the discovery period.

Parties resisting asserted claims or defenses shall disclose their designation of testifying experts on those claims and/or defenses, and shall serve on all parties the materials required under Rule 26(a)(2)(B) not later than 30 days before the end of the discovery period.

Discovery in this case shall close 8 months following the date of the first Answer.

IT IS SO ORDERED, this _____ day of _____ 2009.

_____
CHARLES A. PANNELL, JR.
UNITED STATES DISTRICT JUDGE

s/William B. Hill, Jr.

**Counsel for Plaintiff**
**Stiefel Laboratories, Inc.:**
**William B. Hill, Jr.**
Georgia Bar No. 354725
**R. Lawrence Ashe, Jr.**
Georgia Bar No. 024500
**Yonette Sam-Buchanan**
Georgia Bar No. 623445
**Matthew S. Knoop**
Georgia Bar No. 140870

ASHE, RAFUSE & HILL, LLP
1355 Peachtree Street, N.E.
Suite 500, South Tower
Atlanta, Georgia 30309
Telephone: 404.253.6000
Telecopier: 404.253.6060
Email: williamhill@asherafuse.com
Email: yonettebuchanan@asherafuse.com
Email lawrenceashe@asherafuse.com
Email: mattknoop@asherafuse.com

**Of Counsel**:
**Saul Perloff** (*pro hac*)
Texas Bar No. 00795128
**Katharyn Grant** (*pro hac*)
Texas Bar No. 24050683
FULBRIGHT & JAWORSKI L.L.P.
300 Convent Street, Suite 2200
San Antonio, Texas 78205
Telephone: 210.224.5575
Telecopier: 210.270.7205
Email: sperloff@fulbright.com
Email: kgrant@fulbright.com

s/Simon Jenner*

**Counsel for Defendant**
**Brookstone Pharmaceuticals, LLC:**
**L. Matt Wilson**
Georgia Bar No. 768801
**Simon Jenner**
Georgia Bar No. 142588

THE WILSON LAW FIRM, P.C.
950 East Paces Ferry Road
Suite 3250 Atlanta Plaza
Atlanta, Georgia 30326
Telephone: 404.364.2240
Telecopier: 404.266.7459
Email: matt@willaw.com
Email: simon@willaw.com

*\*Signed with express permission.*

## <u>CERTIFICATE OF COMPLIANCE</u>

I, <u>WILLIAM B. HILL, JR.</u>, certify that the parties' JOINT PRELIMINARY REPORT AND DISCOVERY PLAN complies with Local Rules 5.1B and 7.1D. I further certify that, in preparation of this report, the foregoing document was prepared with font Times New Roman, 14 point, to include all text, including headings, footnotes, and quotations.

s/ William B. Hill, Jr.
_____
William B. Hill, Jr.
Georgia Bar No. 354725
ATTORNEYS FOR PLAINTIFF
STIEFEL LABORATORIES, INC.

ASHE, RAFUSE & HILL, LLP
Email: williamhill@asherafuse.com

80444175.2

- 14 -

## CERTIFICATE OF SERVICE

I hereby further certify that on February 12, 2009, I caused the foregoing document to be filed electronically with the Clerk of the Court using the ECF-system for the Northern District of Georgia and that the ECF-system will send a Notice of Electronic Filing to the following CM/ECF participants:

| **Counsel for Defendant:** | **By email address at**: |
|---|---|
| L. Matt Wilson | matt@willaw.com |
| Simon Jenner | simon@willaw.com |

| **Counsel for Plaintiff**: | **By email address at**: |
|---|---|
| William B. Hill, Jr. | williamhill@asherafuse.com |
| R. Lawrence Ashe, Jr. | lawrenceashe@asherafuse.com |
| Yonette Sam-Buchanan | yonettebuchanan@asherafuse.com |
| Matt S. Knoop | mattknoop@asherafuse.com |
| Saul Perloff | sperloff@fulbright.com |
| Katharyn Grant | kgrant@fulbright.com |

I further certify that I caused a copy of the foregoing document(s) and the Notice of Electronic Filing to be mailed by fist class mail, postage paid, to the following non-ECF Participant(s): **NONE**.

s/ William B. Hill, Jr.

William B. Hill, Jr.
Georgia Bar No. 354725
ATTORNEYS FOR PLAINTIFF
STIEFEL LABORATORIES, INC.

ASHE, RAFUSE & HILL, LLP
Email: williamhill@asherafuse.com